MITCHELL *v.* MITCHELL.

4-9778                                                      248 S. W. 2d 879

Opinion delivered May 5, 1952.

Rehearing denied June 9, 1952.

*Carroll W. Johnston* and *John G. Moore,* for appellant.

*PER CURIAM.* The appellees have filed a motion to dismiss this appeal under Rule 9, alleging that the appellants have failed to abstract the record proper and the testimony. In their printed abstract and brief the appellants take the position that the errors of which they complain appear on the face of the record; they say that hence no bill of exceptions, or abstract thereof, is needed.

It appears that the case involves the estate of E. E. Mitchell, whose will was construed in *Mitchell* v. *Mitchell,*

208 Ark. 478, 187 S. W. 2d 163. By this will the testator left a mercantile business to the appellants, William Mitchell and William Mitchell, Jr., and certain real property to William Mitchell and his bodily heirs. The residue of the estate was to be held in trust for ten years and then be distributed among specified heirs of the decedent.

In 1946 the trustees filed in the probate court an account current. The appellants filed a number of exceptions to this account, but only five exceptions are involved in this appeal. The appellants complain that they were charged with part of the federal estate tax, part of the Arkansas estate tax, part of the federal income tax, and with all or part of certain auditor's and attorney's fees. Their contention is that all these items should have been paid by the trustees and have been charged to the trust estate instead of to the appellants personally.

In view of the inadequate abstract of the record and the complete disregard of the bill of exceptions we are unable to say that any error has been shown. The pertinent parts of the transcript that have been fully abstracted are the testator's will and the court order overruling the appellants' exceptions to the account. The trustees' account, which presumably lists the assets of the trust and the reasons for the charges now questioned, has not been abstracted. The proof may have shown that the property specifically left to the appellants composed such a great part of the estate that the remainder was insufficient to pay the three tax items in question. If that condition existed the charges against the appellants were proper. The proof may have shown a similar situation as to the fees in controversy, or it may have shown that the appellants employed the auditor and the attorneys and agreed to pay their fees. In either case the judgment appealed from would be correct. Since the meager abstract sheds no light on any of these matters we must presume that the judgment is supported by those parts of the record and of the testimony that have not been brought to our attention.

Appeal dismissed.